■ In the Matter of PIERRE N., a Person Alleged to be a Juvenile Delinquent, Appellant. [637 NYS2d 704] —Order of the Family Court, Bronx County (Harold J. Lynch, J.), entered

May 3, 1995, which adjudicated respondent a juvenile delinquent and placed him with the Division for Youth for a period up to one year, following a fact-finding determination that respondent had committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, is unanimously reversed, on the law and facts, respondent's motion to suppress the physical evidence granted and the petition dismissed.

The arresting officer testified at the suppression hearing that he observed what "appeared to be the outline of a medium sized handgun" in respondent's left rear pocket and "put [his] hand right through his back pocket", where he removed a gun. The Family Court found that based upon the observation of the outline of a weapon, the officer had reasonable suspicion to stop and frisk respondent and, therefore, denied the motion to suppress.

We find, however, that the testimony of the officer that he observed the "outline" of a gun was belied by the other, more credible evidence at the hearing. Since it "has all appearances of having been patently tailored to nullify constitutional objections" (*People v Garafolo*, 44 AD2d 86, 88), we refuse to credit that testimony. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.